IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD BIGIONI** : | **CIVIL ACTION** |
| *Petitioner-pro se* : | |
| : | **NO. 14-0053** |
| v. : | |
| : | |
| **DANIEL P. BURNS,** *et al.,* : | |
| *Respondents* : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                  April 30, 2015

## MEMORANDUM OPINION

**INTRODUCTION**

Petitioner Gerald Bigioni ("Petitioner"), a state prisoner acting *pro se,* filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254, and essentially asserts that trial counsel was ineffective for advising him to enter a plea of guilty; that appellate counsel was ineffective for failing to raise meritorious issues; and that appellate counsel's ineffectiveness deprived him of a "fair and meaningful" review of his post-conviction claims. [ECF 1, 3]. The petition was referred to United States Magistrate Judge Marilyn Heffley for a *Report and Recommendation* ("R&R") in accordance with Title 28 U.S.C §636(b) and Local Civil Rule 72.1.IV(c). [ECF 6]. On October 30, 2014, Magistrate Judge Heffley issued an R&R, which recommended that the petition for a writ of *habeas corpus* be denied. [ECF 18]. On December 18, 2014, Petitioner filed objections to the R&R.[1] [ECF 23]. The matter before this Court is, therefore, ripe for disposition.

---

[1]      Within fourteen days after being served a copy of a report and recommendation, any party may serve and file written objections to the proposed findings and recommendations. 28 U.S.C §636(b)(1). Here, the Report and Recommendation was issued on October 30, 2014. On November 13, 2014, Petitioner filed a motion for an extension of time to file objections. [ECF 20]. The motion was granted allowing Petitioner until December 17, 2014, to file his objections. [ECF 22]. Though the docket reflects

Upon a thorough and independent review of the administrative record and all the court filings, for the reasons stated herein, this Court overrules Petitioner's objections, and approves and adopts the R&R submitted by Magistrate Judge Heffley.

**BACKGROUND**

The factual background and procedural history are set forth in the R&R and will not be reiterated except where necessary. Thus, the facts pertinent to Petitioner's objections, which this Court understands are centered on his claim of *incompetency* to enter a knowing and voluntary plea of guilty which is intertwined with his ineffectiveness of counsel claims, are obtained from the Pennsylvania Superior Court's opinion[2] and Petitioner's memorandum of facts and law in support of his petition for writ of *habeas corpus*, and summarized as follows:

> On November 8, 2005, Petitioner appeared before the Honorable Renee Cardwell Hughes, then a state trial court judge in the Court of Common Pleas, Philadelphia County, and entered a guilty plea to the charges of murder in the first degree, arson, and robbery. In exchange for his plea, the Commonwealth agreed not to seek the death penalty and to withdraw the remaining charges. During the proceedings, the trial court engaged Petitioner in a plea colloquy, which included asking Petitioner multiple times whether he was pleading guilty because he was in fact guilty of the charges, if he understood the charges and the associated penalties, and his right to a jury trial. Each time, Petitioner answered in the affirmative, and that he had not been coerced or threatened to plead guilty. Petitioner also signed a written plea colloquy form affirming his guilt. At the conclusion of the plea hearing, the trial judge accepted Petitioner's guilty plea and sentenced him to life in prison for the murder conviction and ten to twenty years on both the arson and robbery convictions; all sentences to run concurrently.

---

that Petitioner's objections were not filed until December 18, 2014, [ECF 23], *habeas* petitioners in this district are given the benefit of the so-called "prisoner's mailbox rule," under which a prisoner's papers are deemed filed when placed in the mail. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The letter accompanying Petitioner's objections is dated December 10, 2014, and the objections themselves were purportedly signed and dated December 14, 2014. As such, with the benefit of the mailbox rule, Petitioner's objections are deemed timely filed.

[2] *Commonwealth v. Bigioni*, No. 1481 EDA 2011 (Pa. Super. Apr. 5, 2013).

Shortly thereafter, acting *pro se*, Petitioner filed a motion to withdraw his guilty plea, which was denied by the trial court on November 30, 2005. Petitioner filed a direct appeal to the Pennsylvania Superior Court, which appointed him appeal counsel. On direct appeal, Petitioner challenged the validity of his guilty plea on the basis that it was involuntarily and unknowingly entered due to his anxiety and/or undiagnosed mental impairment, deprivation of medication, and the pressure by his trial counsel to enter a guilty plea. Rejecting Petitioner's arguments, the Superior Court affirmed his conviction on May 20, 2008, and on December 2, 2008, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of review.

On September 30, 2009, again acting *pro se*, Petitioner timely filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"),[3] asserting several claims of ineffective assistance of counsel. Counsel was again appointed and after reviewing the case filed a no-merit letter. Thereafter, the PCRA Court denied Petitioner's petition. On April 5, 2013, the Pennsylvania Superior Court affirmed the denial of Petitioner's PCRA petition and concluded that Petitioner's claims for ineffective assistance of counsel were without merit. The Pennsylvania Supreme Court denied review on October 23, 2013.

On January 6, 2014, Petitioner filed the instant federal *habeas corpus* petition premised on claims of ineffective assistance of different counsel but each centered on his underlying claim that he was incompetent and, therefore, unable to enter a knowing and voluntary guilty plea because, at the time of the plea, he was suffering from anxiety or some other undiagnosed mental impairment and had been deprived of his prescribed medication for ten days.

On October 30, 2014, Magistrate Judge Heffley submitted a well-reasoned R&R which addressed each of Petitioner's *habeas* claims and recommended that the petition be denied. As stated, Petitioner filed objections to the R&R, and essentially argues "that the Magistrate [Judge] failed to properly apply the Strickland test to the facts as stated above."

**LEGAL STANDARD**

Where objections to an R&R are filed, the court must conduct a *de novo* review of the contested portions of the R&R, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989)

---

[3] 42 Pa.C.S. §9541 *et seq.*

3

(citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 607 (3d Cir. 1984). In conducting its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. §636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7.

As laid out in the R&R, the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standards for reviewing state court judgments raised in federal *habeas corpus* petitions filed under 28 U.S.C. §2254. *Werts v. Vaughn*, 228 F.3d 178, 195 (3d Cir. 2000). AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts. *Id.* at 196. In accordance with §2254(d), a *habeas corpus* petition may only be granted if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

To establish that the state court decision was "contrary to" federal law, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court may only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court

4

precedent." *Id.* at 890. Further, factual determinations made by the state court are "presumed to be correct." 28 U.S.C. §2254(e)(1). A petitioner may rebut this presumption with "clear and convincing evidence" of the state court's error. *Id.* Consequently, a *habeas* petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

**DISCUSSION**

As stated, each of Petitioner's *habeas* claims is characterized as a claim of ineffective assistance of counsel premised on Petitioner's contention that he was incompetent to knowingly and voluntarily enter a plea of guilty due to his untreated anxiety and/or undiagnosed mental impairment. After carefully reviewing the entire record, the Magistrate Judge concluded that the Pennsylvania Superior Court had reasonably determined that both Petitioner's written and oral plea colloquies revealed no indicia of incompetence and that his plea of guilty was entered into knowingly and voluntarily and, therefore, found that Petitioner's *habeas* claims lacked merit. Essentially repeating the arguments made in his *habeas* petition, Petitioner objects to the Magistrate Judge's R&R on the basis that "the Magistrate [Judge] failed to properly apply the Strickland test to the facts . . . ."

When addressing the merits of ineffective assistance of counsel claims on *habeas* review, the applicable and "clearly established federal law" is the familiar two-pronged inquiry stated in *Strickland v. Washington*, 466 U.S. 668 (1984); *to wit*: to sustain a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient and that this deficient performance prejudiced his or her defense. *Id.* at 687. Prejudice has been defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687; *see also Frey v. Fulcomer*, 974 F.2d

348, 358 (3d Cir. 1992) ("[A] petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different."). The court must defer to counsel's tactical decisions, avoiding "the distorting effects of hindsight," and give counsel the benefit of a strong presumption of reasonableness. *Id.* at 689; *Gov't of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1431 (3d Cir. 1996). Furthermore, it is well-settled that counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Ross v. Dist. Att'y of Allegheny Cty.*, 672 F.3d 198, 211 n. 9 (3d Cir. 2012). Where the ineffective assistance of counsel claims are premised upon a petitioner's contention that the guilty plea was entered unknowingly and involuntarily or that petitioner was incompetent, the petitioner must show a reasonable probability that he/she would not have entered the guilty plea or was incompetent. *See Weeks v. Snyder*, 219 F.3d 245, 257 (3d Cir. 2000); *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001).

Here, Petitioner advances no argument in either his objections or *habeas* petition that the Superior Court decision, which affirms the denial of PCRA relief, is contrary to extant United States Supreme Court precedent, or that the ineffective assistance test applied by the state court was inconsistent with the test established in *Strickland* and its progeny. Regardless, "a state court decision that applied the Pennsylvania test [for ineffective assistance of counsel] did not apply a rule of law that contradicted *Strickland* and was thus not 'contrary to' established Supreme Court precedent." *Rompilla v. Horn*, 355 F.3d 233, 250 (3d Cir. 2004). As previously noted, when ruling on Petitioner's direct and collateral appeals, the Pennsylvania Superior Court considered and applied the governing Pennsylvania test for claims of ineffectiveness of counsel. Therefore, its decisions/opinions cannot be regarded as "contrary to" the test established in *Strickland* and its progeny. Accordingly, the dispositive question becomes whether the Superior

Court's opinion reflects an unreasonable application of the *Strickland* test. To meet his burden, Petitioner "must demonstrate that 'the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland*.'" *Id.*

In his petition and objections, Petitioner contends that each of his counsel (trial, appellate and PCRA counsel), was ineffective in not investigating and/or challenging his *competence* to enter a knowing and voluntary guilty plea when he was allegedly suffering from either anxiety or an undiagnosed/untreated mental impairment at the time of his plea. Petitioner unsuccessfully presented these arguments to the state courts in his various appeals and in the PCRA petition. Affirming the denial of Petitioner's PCRA petition, the Superior Court found that the claims lacked merit because the record established that Petitioner entered his plea knowingly and voluntarily. In reaching its decision, the Superior Court cited extensively to the transcript of Petitioner's guilty plea hearing, writing as follows:

> The record supports the trial court's determination that [Petitioner] had voluntarily tendered his guilty plea. At the guilty plea hearing, the trial court conducted an extensive oral colloquy wherein it confirmed that [Petitioner] understood the charges levied against him, that he was pleading guilty because he was guilty, and that he pled guilty to avoid the death penalty. N.T., 11/8/05, at 4-8. The trial court also asked [Petitioner] whether he suffered from any type of mental health disability that was causing him to enter the guilty plea to which [Petitioner] responded, "No, just a little anxiety." *Id.* at 9. [Petitioner] further stated that he had not taken any drugs or prescription medication during the ten days leading up to the plea hearing and that no medicine was interfering with his ability to think clearly. *Id.* at 11. The trial court then asked [Petitioner] whether anyone made any threats to force him to plead guilty. *Id.* [Petitioner] answered no and indicated that he was satisfied with his attorneys and the advice that they had given. *Id.* at 11-12. [Petitioner] stated that the decision to plead guilty was his alone. *Id.* at 6. Furthermore, [Petitioner] signed a written colloquy form in which he stated that he understood he was pleading guilty, that he was not under the influence of any drugs, that he was satisfied with his representation by counsel, and that the decision to plead guilty was his alone. *See* Written Plea

> Colloquy, 11/8/15, at 1-3. The trial court verified that [Petitioner] understood the written guilty plea colloquy form before signing it. N.T., 11/8/05, at 5-6.

*Commonwealth v. Bigioni*, No. 1481 EDA 2011 (Pa. Super. Apr. 5, 2013). This Court finds no error with this analysis.

Notwithstanding, to comport with the Fifth Amendment, a defendant's guilty plea must be voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238 (1969). The "long standing test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted). The United States Supreme Court has determined that the most efficient method of insuring the intelligent, voluntary nature of a guilty plea is through the colloquy between the trial judge, the defendant, and the defendant's attorney. *McCarthy v. United States*, 394 U.S. 459, 464-67 (1969). Such a colloquy should establish that the defendant understood the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offense for which he is charged, and the permissible range of sentences. *Boykin*, 395 U.S. at 244 n. 7. Here, the trial judge effectively queried Petitioner.

In addition, a *habeas* petitioner challenging the knowing and voluntary nature of his or her guilty plea faces a heavy burden. *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The determination of whether a guilty plea is voluntary for purposes of the United States Constitution is a question of federal law, but the determination of the historical facts surrounding the plea is subject to the deferential

"presumption of correctness" found in Title 28 U.S.C. §2254(d). *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983); *see also Zilich*, 36 F.3d at 320.

Here, as set forth in the R&R and in each of the state court decisions, the record reflects that Petitioner knowingly and voluntarily tendered his guilty plea. At the guilty plea hearing, the trial court conducted an extensive oral plea colloquy during which it confirmed that Petitioner understood the charges against him and the possible sentences that could be imposed. Petitioner responded that he was pleading guilty to the charges because he was, in fact, guilty. Petitioner also acknowledged reading and reviewing the written plea colloquy with his counsel, which also identified the charges against him, the possible sentences, and advised of Petitioner's right to be tried by a jury. When asked whether he suffered from any type of mental health disability that was causing him to enter the guilty plea, Petitioner responded, "No, just a little anxiety." The trial court also asked Petitioner whether anyone made any threats to force him to plead guilty. Petitioner answered no and indicated that he was satisfied with his attorneys and the advice that they had given him. When offered an opportunity to speak, Petitioner thanked both the Court and trial counsel, and offered an apology to the victim's family.

Under Pennsylvania law, a criminal defendant is presumed to be competent, and must prove his incompetence by a preponderance of the evidence. *See Hummel v. Rosemeyer*, 564 F.3d 290, 304 n. 5 (3d Cir. 2009); *Commonwealth v. DuPont*, 681 A.2d 1328, 1330 (Pa. 1996); 50 P.S. §7403; As found by the state courts, Petitioner's plea colloquies reveal that Petitioner understood the nature of the charges against him, the acts sufficient to constitute the offense for which he was charged, his right to a jury trial, and the permissible range of sentences that could have been imposed upon him. *See Boykin*, 395 U.S. at 244 n. 7. When determining the ineffectiveness of counsel claims, the state appellate court's stated reasons and findings

demonstrate an objectively reasonable and proper application of the *Strickland* factors to the facts of Petitioner's case. Besides his bald contentions, Petitioner has failed to set forth any specific or credible evidence to show that his guilty plea was not knowingly and voluntarily entered. As such, Petitioner has not met the strict standard necessary for *habeas* relief.

Petitioner's challenge to his own competency by way of a claim for ineffective assistance is also without merit.[4] While a defendant may not plead guilty if he is incompetent, *Drope v. Missouri*, 420 U.S. 162, 171 (1975), counsel's failure to raise the competency issue may only constitute ineffective assistance if there were "sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency, and there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered." *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001). To be competent to stand trial or enter a guilty plea, "a defendant must have 'a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and must possess 'a rational as well as factual understanding of the proceedings against him.'" *Taylor v. Horn*, 504 F.3d 416, 430 (3d Cir. 2007) (citations omitted). A state trial court's determination that a defendant's plea is voluntarily and knowingly entered is an implied finding of fact that he was competent. *See Taylor*, 504 F.3d at 431 (holding that "the state trial court's determination that [the defendant's] plea was knowing and voluntary, included an implied finding that he was competent."). Regardless of whether a competency claim was expressly reached on the merits, "competency is a state court factual finding that, if supported by the record, is presumed correct."

---

[4] In her R&R, the Magistrate Judge finds that this claim lacks merit after initially concluding that the claim had not been fully exhausted and was procedurally defaulted. While this Court disagrees with the Magistrate Judge's finding as to the exhaustion and procedural default posture of this claim, we agree that the claim is without merit. Therefore, this conclusion has no bearing on the overall R&R since the Magistrate Judge considered and recommended denial of the claim on the merits consistent with 28 U.S.C. §2254(b)(2).

*Id*. at 433. As such, the state court's findings as to competency, explicit or implicit, are presumed correct, unless the *habeas* petitioner can rebut the presumption by clear and convincing evidence. *Id*.; *see also* 28 U.S.C. §2254(e)(1).

Here, the state trial court, the appellate court, and the PCRA court, each determined, as a factual matter, that Petitioner was competent to enter his plea. These findings are presumed correct under §2254(e)(1), unless Petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). In rejecting this claim, the Superior Court noted that during the trial court's thorough plea colloquy, Petitioner affirmatively represented that he did not suffer from any mental illness. The Superior Court also found that Petitioner had undergone psychological evaluations prior to the entry of his guilty plea, and that those evaluations showed that he suffered from alcoholism *only*. Based on this record evidence, the Superior Court held that "the record dispels any notion that counsel and the trial court should have appreciated that [Petitioner] suffered from an undiagnosed mental health disorder that prevented him from entering a knowing and voluntary guilty plea."

As set forth by the Magistrate Judge in the R&R, it was objectively reasonable for the Pennsylvania Superior Court to uphold the trial court's determination that Petitioner was competent based on his responses to both the oral and written plea colloquies. Petitioner's responses during the thorough plea colloquy do not reveal any indicia of incompetence that would trigger counsel's obligation to further investigate Petitioner's competence. In addition, Petitioner stated that he had consulted with his counsel and that he was satisfied with their representation. The trial court's plea colloquy of Petitioner aptly demonstrated that he understood the charges against him, and he displayed no irrational behavior that might suggest